UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RANDY BUTLER,<br>    #1071927 | ) )  ) | |
|     Plaintiff, | ) ) | 2:13-cv-00158-JCM-NJK |
| vs. | ) ) | **ORDER** |
| BRIAN WILLIAMS, SR., *et al.*, | ) ) | |
|     Defendants. | ) / | |

Presently before the court is defendant Jason Harris' motion to dismiss. (Doc. # 13). *Pro se* plaintiff Randy Butler filed a response in opposition (doc. # 18), and defendant filed a reply (doc. # 21).

**I.    Background**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections and is currently housed at High Desert State Prison. Plaintiff's complaint revolves around an incident in which plaintiff was allegedly denied water for fifteen hours. As a result of his dehydration, plaintiff claims that he fell unconscious and hit his head, which caused him to permanently lose his senses of smell and taste. (Doc. # 1).

After the screening order, defendant filed the instant motion to dismiss. Defendant argues that plaintiff's complaint should be dismissed because he failed to exhaust administrative remedies at the

prison before filing the complaint. (Doc. # 13).

**II.     Legal Standard**

"The failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "[D]ismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Id.* (quoting *Health v. Cleary*, 708 F.2d 1376, 1380 n. 4 (9th Cir. 1983). Therefore, the dismissal is better suited at the motion to dismiss stage as opposed to the summary judgment stage because "summary judgment is on the merits." *Id.* (quoting *Stauffer Chem. Co. v. FDA*, 670 F.2d 106, 108 (9th Cir. 1982).

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide the disputed issues of fact." *Id.* at 1119-20. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119-20.

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.."); *Jones v. Bock*, 549 U.S. 199, 212 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

Finally, exhaustion must predate the filing of the lawsuit–a prisoner cannot properly exhaust under § 1997e(a) if the exhaustion of administrative remedies occurs while the lawsuit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

**III.    Discussion**

Defendant argues that plaintiff's complaint should be dismissed because he failed to exhaust all administrative remedies prior to filing in federal court. A prison inmate in Nevada satisfies the administrative exhaustion requirement by following the procedures set forth in Nevada Department of

Corrections Administrative Regulation 740, which became effective February 12, 2010. Administrative Regulation 740 requires inmates to attempt an informal resolution with a caseworker followed by one written informal and two written formal levels of review.

Here, plaintiff provides documentation showing that he pursued his claim in the prison's administrative process through the first level of review, but failed to file a second-level grievance. In his response, plaintiff does attach what appears to be a second-level grievance form from the prison. Unlike the other documents submitted by plaintiff, this form is entirely illegible. *See* (doc. # 18 p. 17). Furthermore, defendant claims that this document does not appear in the records of the Nevada Department of Corrections.

As such, the court finds that plaintiff does not carry his burden of demonstrating that he exhausted all administrative remedies prior to filing his complaint in this court, and therefore plaintiff's complaint shall be dismissed without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (doc. # 13) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's complaint shall be dismissed without prejudice. The clerk of the court shall enter judgment and close the case.

DATED February 28, 2014.

_____
UNITED STATES DISTRICT JUDGE